AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RUSSELL SECATERO (YOB 1996) | ) | Case No. **26-MJ-1146** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 6, 2026_____ in the county of _____Bernalillo_____ in the _____ District of _____New Mexico_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1153 and 113(a)(3) | Assault with a Dangerous Weapon (Counts 1 and 2); |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Discharging a Firearm in Relation to a Crime of Violence (Counts 3 and 4) |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Aranda, FBI Special Agent
_____
*Printed name and title*

Telephonically sworn and electronically signed.

Date: ____3/11/2026____

_____
*Judge's signature*

City and state: ____Albuquerque, New Mexico____

Jennifer Rozzoni, United States Magistrate Judge
_____
*Printed name and title*

| Print | Save As... | Attach | | Reset |
|---|---|---|---|---|

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christopher Aranda, a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), United States Department of Justice ("USDOJ"), being duly sworn, do depose and hereby state the following:

1.     I make this affidavit in support of an application for a criminal complaint and arrest warrant related to the following violations:

a.  Two counts of 18 U.S.C. §§ 1153 and 113(a)(3): Assault with a Dangerous Weapon; and

b.  Two counts of 18 U.S.C. § 924(c)(a)(A)(iii): Discharging a Firearm During and in Relation to a Crime of Violence.

### AGENT BACKGROUND

2.     I have been a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, since January 2025. As such, I am a "federal law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3.     I am currently assigned to the Violent Crime / Violent Crimes Against Children squad of the FBI Albuquerque Field Office. During my employment with the FBI, I have conducted/participated in numerous investigations of suspected violations of Federal law. including Indian Country crimes and crimes of violence. I have received training on how to conduct complex investigations, and I have participated in the execution of arrest and search warrants involving various Federal violations. My investigative training and experience include, but is not limited to, conducting surveillance, interviewing subjects, targets and witnesses, writing affidavits for and executing search and arrest warrants, managing confidential human

1

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

sources ("CHS") and cooperating witnesses/defendants, issuing subpoenas, collecting evidence, and analyzing public records.

4. The information set forth in this affidavit is based upon my personal knowledge, and upon information reported to me by other law enforcement officers during the course of their official duties, all of who I believe to be truthful and reliable. Throughout this affidavit, reference will be made to law enforcement officers. The law enforcement officers are those who have directly participated in this investigation, and with whom your affiant has had contact regarding this investigation. This affidavit is also based upon information gained from interviews with cooperating victims and witnesses, whose reliability is established separately herein.

5. Based on my training, experience, and the facts set forth in this affidavit, I believe that probable cause exists to charge Russell SECATERO (YOB 1996) with two counts of 18 U.S.C. §§ 1153 and 113(a)(3) (Assault with a Dangerous Weapon) and two counts of 18 U.S.C. § 924(c)(1)(A)(iii) (Discharging a Firearm During and in Relation to a Crime of Violence).

**<u>PROBABLE CAUSE</u>**

<u>The Shooting of Officers JOHN DOE and JANE DOE</u>

6. On March 6, 2026, at approximately 12:53 p.m., a subject identified as Russell SECATERO ("SECATERO"), year of birth 1996, shot two Navajo Nation Police Department (NNPD) officers, hereinafter referred to as JOHN DOE and JANE DOE, at the Navajo Nation Housing Authority located in To'hajiilee, New Mexico, which is located within the exterior boundaries of the Navajo Reservation, thus "Indian Country" for purposes of federal law.

7. On March 6, 2026, at approximately 11:50 a.m. officers responded to a residence located at 161 Sunset Lane, To'hajiilee, New Mexico after receiving reports of individuals shooting near the residence. Officers from Navajo Nation Police Department (NNPD), Bernalillo County

2

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Sheriff's Office (BCSO) deputies, New Mexico State Police (NMSP), Laguna Police Department (LPD) responded to the scene. Once on scene, the officers surrounded the residence.

8.      On scene, Officer JOHN DOE located SECATERO, C.P. (YOB 1973), and R.C. (YOB 1987) in a closet that is located at the back of the house.  SECATERO then shot out of the closet and officer JOHN DOE returned fire. Officers JOHN DOE and JANE DOE were in the line of fire, and SECATERO was hit from officer JOHN DOE's return fire. JOHN DOE was shot by a bullet in the arm and on the back from shots that came from inside the closet where SECATERO was located in. With regard to Officer JANE DOE, a round shot by SECATERO hit her firearm and the resulting shrapnel hit her in the arm. SECATERO was hit once in the face, once in the groin, and once in the leg.

9.      An Emergency Response Team (EMT) responded and treated SECATERO on scene before transferring him to the University of New Mexico Hospital (UNMH). The two officers who SECATERO shot, JOHN DOE and JANE DOE, were also taken to UNMH.

        The FBI Response

10.     At approximately 12:53 p.m., NNPD Criminal Investigator (CI) Larry Etcitty called the Albuquerque FBI Field Office for assistance. Your affiant and FBI SA Stacey Stout responded to assist and arrived on scene at approximately 2:15 p.m. On scene, your affiant observed a one-story residential house with a brown and white shed in the back yard. Additionally, your affiant observed a closet (Figure 1) on the back patio that is connected to the house. The closet has its own door and appeared to be used primarily for storage. As described in more detail below, it was from this shed that SECATERO shot JOHN DOE and JANE DOE.

3

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT



**(Figure 1. Closet from which SECATERO shot JOHN DOE and JANE DOE)**

11.    NNPD CI Larry Etcitty informed your affiant and SA Stacey Stout that two officers were shot at from inside the closet where law enforcement located SECATERO. Further, CI Etcitty advised that SECATERO shot JOHN DOE twice, one in his arm and once in his back. CI Etcitty further advised that Officer JANE DOE was injured when a round impacted her firearm and shrapnel hit her arm. Both officers and SECATERO were transported via EMS to UNMH.

12.    FBI Agents collected two (2) AR-style rifles in the closet where SECATERO was located, namely: a red Palmetto State Armory PA-15 multi caliber rifle with serial number LW381848 and a black Surefire Institute SFI-15 multi caliber rifle with serial number SF00335. I know from training and experience that both firearms meet the definition of a firearm set forth in 18 U.S.C. § 921(a)(3). Additionally, the FBI located 22 shell casings from inside the closet.

4

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

13.     On March 6, 2026, at 12:09 p.m., NNPD responding officers received from NNPD dispatch a photograph of SECATERO that was reportedly taken earlier in the day. In the photograph, SECATERO is holding a red rifle in his hands.

Interview with John Doe

14.     Agents conducted an interview with Officer JOHN DOE, who stated he got a call from dispatch related to a male shooting a rifle in To'hajiilee, New Mexico. Officer JOHN DOE received a photo of the subject while en route to the scene and JOHN DOE recognized the red rifle in the photo to be an assault rifle. While en route to the residence, Officer JOHN DOE was told by another officer that the incident is now a hostage situation and that SECATERO might be holding a female hostage.

15.     Once on scene, PA announcements were made by Navajo Police for anybody in the building to exit. Four females exited the residence out of the front door. One unknown female said SECATERO were located behind the house. Officer JOHN DOE alongside JANE DOE and other officers went to the rear of the house and cleared a shed structure behind the residence. One male and one female exited the shed and were detained for questioning. Officer JOHN DOE then found a closet attached to the residence that had a keypad lock. Officer JOHN DOE banged on the closet two or three times and announced "Navajo PD, Russell Secatero come outside with your hands up, open and empty." Officer JOHN DOE gave this command approximately four times. SECATERO did not exit after receiving these commands. Officer JOHN DOE began to use a sledgehammer to try and ram the door open. That had no effect, so Officer JOHN DOE started to use the Halligan, which is a tool used for rapid forcible entry and rescue, and was able to crack the door open.

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

16.    Officer JOHN DOE stated that he heard noises and a voice coming from inside the closet, so he dropped his breaching tools and drew his pistol. At that point, SECATERO said, "there's innocent life in here." Officer JOHN DOE responded something to the effect of "you need to come out." SECATERO responded "there's gonna be lives taken today." The door to the closet was moving back and forth. Officer JOHN DOE got scared because he heard that SECATERO was armed with a rifle and felt SECATERO was getting ready to open the door. Officer JOHN DOE observed a red rifle barrel emerging from a crack in the door and observed what appeared to be SECATERO's face peaking out the door. Officer JOHN DOE indicated in his interview that, at this point, he observed a red gun in SECATERO's hand. Officer JOHN DOE advised that this gun matched the firearm that SECATERO was depicted holding in the photograph as described in paragraph 13 above.

17.    In response, Officer JOHN DOE opened fire, and he believed that he hit SECATERO in his face. Next, Officer JOHN DOE heard shots go off and saw rounds coming through the wall from inside the closet. Officer JOHN DOE pointed his pistol towards the door and fired all rounds in the magazine into/through the door. At that point, Officer JOHN DOE felt a stinging sensation in his left arm, and he understood that he was shot by a round coming from inside the closet that SECATERO was located in. Officer JOHN DOE then turned with his back facing the closet to move to west side of residence and felt a slap on his back as if someone slapped him hard. Officer JOHN DOE understood that he had just been shot in the back.

18.    The investigation revealed that Officer JANE DOE, who was standing nearby when SECATERO shot JOHN DOE,  was shot at from inside the closet where SECATERO was located. A round fired by SECATERO hit her firearm, and the resulting shrapnel hit JANE DOE in the arm. SECATERO was hit once in the face, once the groin, and once in the leg.

6

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Jurisdictional Statement

19.    According to the Navajo Nation, SECATERO is a member of the Navajo Nation and is an "Indian" as that term is defined by federal law.

20.    JOHN DOE and JANE DOE are both enrolled members of the Navajo Nation and are "Indians" as that term is defined by federal law.

21.    All events described above occurred within the exterior boundaries of the Navajo Nation, thus "Indian Country" for purposes of federal law.

**CONCLUSION**

22.    Based on the information contained herein, I believe there is probable cause to charge SECATERO with the following:

      **a.** Two counts of 18 U.S.C. §§ 1153 and 113(a)(3): Assault with a Dangerous Weapon; and

      **b.** Two counts of 18 U.S.C. § 924(c)(a)(A)(iii): Discharging a Firearm During and in Relation to a Crime of Violence.

23.    Supervisory Assistant United States Attorney Jack Burkhead reviewed this affidavit for legal sufficiency.

7

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Respectfully Submitted,

Christopher Aranda
Special Agent
Federal Bureau of Investigation

ELECTRONICALLY SUBMITTED AND TELEPHONICALLY SWORN TO BEFORE ON

MARCH 11, 2026:

JENNIFER M. ROZZONI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO

8